UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRUSTEES OF THE U.A. LOCAL 393 PENSION FUND AND THE U.A. LOCAL 393 HEALTH AND WELFARE TRUST FUND,<br><br>Plaintiff,<br><br>v.<br><br>JET MECHANICAL, INC.,<br><br>Defendant. | Case No. 5:15-cv-04332-HRL<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 22 |

Plaintiffs are the trustees of two union benefit plans. Defendant employer Jet Mechanical, Inc. (Jet Mechanical) is bound by a Master Labor Agreement (MLA) requiring contributions to be made to those plans. (Jesinger Decl., ¶¶ 5-6, Exs. 1-2).[1] Pursuant to sections 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145, and section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, plaintiffs sue to recover unpaid contributions, as well as damages for belated payments, for the period May 2014 through February 2016. They also seek their attorney's fees and costs incurred in bringing this action.

---

[1] Plaintiffs advise that after Jet Mechanical first executed the MLA, there have been two successive MLAs that included modifications that do not affect employee benefits or benefit administration in any way that is relevant to this lawsuit. (Jesinger Decl. ¶¶ 7-8, Exs. 3-4).

Jet Mechanical was served with process (Dkt. 9), but failed to answer or otherwise respond. Defendant's default was entered on January 11, 2016. (Dkt. 13).

Shortly after, with leave of court, plaintiff filed an amended complaint to modify allegations as to when Jet Mechanical first became delinquent. The amended complaint alleges that defendant was first delinquent further back in time than was alleged in the original complaint.[2] The amended complaint was served on February 3, 2016. (Dkt. 17). When defendant again failed to answer or otherwise respond, its default as to the amended complaint was entered on March 11, 2016. (Dkt. 21).

Plaintiffs now move for default judgment in the amount of $98,291.50, which sum includes the amount of principal contributions owed, plus liquidated damages, attorney's fees, and costs. Although Jet Mechanical was served with notice of the motion (Dkt. 26), it did not file any response, and briefing on this matter is closed. The motion is deemed appropriate for determination without oral argument, and the May 24, 2016 motion hearing is vacated. Civ. L.R. 7-1(b). Upon consideration of the moving papers and the record in this case, this court recommends that plaintiffs' motion be granted.

**DISCUSSION**

After entry of default, courts may, in their discretion, enter default judgment. See Fed. R. Civ. P. 55; Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In deciding whether to enter default judgment, a court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except those relating to damages. TeleVideo Sys., Inc. v. Heidenthal,

---

[2] Plaintiffs say that defendant was delinquent as far back as April 2014, the last month covered by a prior suit involving the same parties heard before this same court. See 5:13-cv-03643 RMW (HRL) *Trustees of the U.A. Local 393 Pension Fund, et al. v. Jet Mechanical, Inc.*

2

826 F.2d 915, 917-18 (9th Cir. 1987).  When the damages claimed are not readily ascertainable from the pleadings and the record, the court may conduct a hearing to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.  Fed. R. Civ. P. 55(b)(2).

### A. Liability-Related Allegations

All of the Eitel factors favor entry of default judgment here.  Having reviewed the amended complaint, the court finds that plaintiffs' claims have merit and are sufficiently pled.  According to the factual allegations, which are deemed true, defendant violated ERISA and breached the MLA by failing to make the contributions owed for each such month.  See 29 U.S.C. § 1145 ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.").

The sum of money at stake in the action is not insignificant.  Nevertheless, because all liability-related allegations are deemed true, there is no possibility of a dispute as to material facts.  Moreover, Jet Mechanical has failed to appear or present a defense in this matter; and, there is no indication that its default was due to excusable neglect.  While the court prefers to decide matters on the merits, defendant's failure to participate in this litigation makes that impossible.  A default judgment against defendant is plaintiffs' only recourse.

### B. Unpaid Principal Contributions

The record presented indicates that Jet Mechanical has made most of the subject contributions (albeit, the payments were not timely made).  However, plaintiff reports that the principal contribution for the month of February 2016 is still unpaid.  They have submitted the declaration of the plans' chief administrator, which confirms that Jet Mechanical owes a total of $32,399.10 in principal contributions.  (Jesinger Decl. ¶ 11, Ex. 12).  This declaration satisfactorily establishes the amount of unpaid principal owed by Jet Mechanical.

### C. Liquidated Damages

As discussed, it appears that Jet Mechanical has made most of the principal contributions

in question, although none of the payments were timely made. A number of payments were made prior to the filing of this lawsuit. (Jesinger Decl. ¶10). Several were made after plaintiffs filed their complaint. (Id. ¶ 11, Exs. 5-12).

ERISA allows for the collection of liquidated damages. 29 U.S.C. § 1132(g)(2)(C)(ii); see also Idaho Plumbers Trust Funds v. United Mechanical Contractors, 875 F.2d 212, 215 (9th Cir. 1989) (ERISA's liquidated damages provision applies "when (1) the fiduciary obtains a judgment in favor of the plan, (2) unpaid contributions exist at the time of suit, and (3) the plan provides for liquidated damages."). In this case, the MLA requires liquidated damages in the amount of $250 per delinquent month---or 20% of any principal amount not paid by the time the trust funds file suit to collect payment. (Jesinger Decl. ¶ 9, Ex. 2, ¶ 174). These terms are fully enforceable under ERISA. Northwest Administrators, Inc. v. Albertson's, Inc., 104 F.3d 253, 257-58 (9th Cir. 1996). The record amply supports plaintiffs' claim for $3,500.00 in damages for pre-litigation contributions and $56,371.99 for contributions made after this suit was filed. (Jesinger Decl., ¶¶ 10-11, Exs. 5-12).

### D. Attorney's Fees and Costs

Under ERISA, plaintiffs are also entitled to recover reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g)(2)(D); Operating Engineers Pension Trust v. Reed, 726 F.2d 513, 514 (9th Cir. 1984). Plaintiffs' counsel has submitted a declaration identifying his $250 hourly billing rate, describing his background and over 30 years of experience in labor and employment law, and identifying the work he performed in this case. (Renner Decl. ¶¶ 2-4, 6, Ex. 1). This court is familiar with the range of rates customarily charged by attorneys practicing before it, and the stated hourly rate appears to be commensurate with, if not below, those charged for cases of this magnitude and complexity and for similar work performed by attorneys of comparable skill, experience, and reputation. Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011) (agreeing that "judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees."); see also Minichino v. First California Realty, No. C11-5185 EMC, 2012 WL 6554401 at *7 (N.D. Cal., Dec. 14, 2012) (relying on the court's own experience in evaluating a fee request). In similar cases, courts in this district have approved rates

4

United States District Court
Northern District of California

higher than those charged by plaintiffs' counsel. See, e.g., Bd. of Trustees of the Laborers Health & Welfare Trust v. Tear-N-It Up Demolition, Inc., No. 15-cv-01215 JSW (JCS), 2015 WL 6956601 at *8 (N.D. Cal., Sept. 8, 2015) (noting approval of $250 hourly rate for an associate and a $375 hourly rate for a senior partner). This court is also satisfied that the fees reasonably were incurred. (Renner Decl. ¶ 4, Ex. 1). The record also supports plaintiffs' claimed costs for the filing fee and for service of process. (Dkt. 1; Renner Decl. ¶ 5, Ex. 2). Accordingly, this court finds that plaintiffs should be awarded $5,512.50 in attorneys' fees and $507.91 in costs.

Because all parties have yet to consent to the undersigned's jurisdiction, IT IS ORDERED THAT this case be reassigned to a District Judge. Further, it is RECOMMENDED that plaintiffs' motion for default judgment be granted and that plaintiffs be awarded $98,291.50 in unpaid principal contributions, liquidated damages, attorney's fees, and costs. Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: May 17, 2016

_____
HOWARD R. LLOYD
United States Magistrate Judge

5:15-cv-04332-HRL Notice has been electronically mailed to:

Mark Stephen Renner     mrenner@wmprlaw.com, mhansen@wmprlaw.com